IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MKS INSTRUMENTS, INC. and APPLIED SCIENCE AND TECHNOLOGY, INC., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>ADVANCED ENERGY INDUSTRIES, INC., )<br>)<br>Defendant. ) | United States District Court<br>For The District of Delaware<br>C.A. No. 03-469 (JJF) |

**ADVANCED ENERGY'S MOTION TO COMPEL THIRD-PARTY TESTA HURWITZ & THIBEAULT LLP TO PRODUCE DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37, Advanced Energy Industries, Inc. ("Advanced Energy") moves this Court for an order compelling third-party Testa, Hurwitz & Thibeault LLP ("Testa Hurwitz") to produce documents responsive to its subpoena *duces tecum* dated February 2, 2004.

**I.  PARTIES AND JURISDICTION**

Subject matter jurisdiction over this matter is proper in this Court according to Fed. R. Civ. P. 45(c)(2)(B). The subpoena *duces tecum* that gave rise to the present dispute was issued in the name of this Court. (*See* Ex. A.)

This Court has personal jurisdiction over Testa Hurwitz pursuant to 28 U.S.C. § 1391(a). Testa Hurwitz's principal place of business, at 125 High Street, Boston, Massachusetts 02110, is within this judicial district.

**II.  INTRODUCTION AND CASE BACKGROUND**

**A.  The parties and the underlying dispute between MKS and Advanced Energy**

MKS Instruments, Inc. and Applied Science and Technology, Inc. (collectively "MKS") and Advanced Energy sell plasma generation devices that are used to clean

semiconductor wafer processing chambers. Advanced Energy is the defendant in a patent infringement lawsuit brought by MKS concerning this technology. The case between Advanced Energy and MKS is pending before Judge Joseph J. Farnan in the United States District Court for the District of Delaware.[1]

Testa Hurwitz is the law firm that represented MKS before the Patent and Trademark Office ("PTO") in prosecuting all of the MKS patents-in-suit, including U.S. Patent Nos. 6,150,628 (the '628 patent), 6,388,226 (the '226 patent), 6,486,431 (the '431 patent), 6,552,296 (the '296 patent), and 6,559,408 (the '408 patent). The latter four patents are continuations or continuations-in-part of the '628 patent. Advanced Energy's subpoena to Testa Hurwitz seeks billing records related to the prosecution of these patents.

Testa Hurwitz also acted as MKS's litigation counsel until mid-February, 2004, when MKS transferred the litigation to Proskauer Rose LLP. Advanced Energy does not seek litigation-related documents from Testa Hurwitz with its subpoena.

**B.      The present dispute between Advanced Energy and Testa Hurwitz**

The present dispute between Advanced Energy and Testa Hurwitz arose out of a third-party document subpoena dated February 2, 2004, that Advanced Energy served on Testa Hurwitz. (Ex. A.) Testa Hurwitz objected to the subpoena on February 11, 2004 and refused to produce any documents. (*See* Ex. B.) From mid-February through mid-March, the parties engaged in a series of telephonic meet-and-confer sessions regarding the subpoena. These sessions narrowed the scope of the dispute but did not resolve it. Testa Hurwitz apparently has been ordered by MKS and Proskauer Rose to not produce *any* of its billing records. (*See* Ex. C.) As a result, Advanced Energy brings this Motion to Compel.

---

[1] Case No. 03-469-JJF

Advanced Energy seeks responses to only four of its document requests – Nos. 3, 6, 7, and 8 – all of which deal with Testa Hurwitz's patent prosecution billing records. (*See* Ex. D.) Advanced Energy has withdrawn all other requests in its subpoena. *Id.*

Advanced Energy seeks information concerning the non-privileged, factual circumstances surrounding Testa Hurwitz's prosecution of the '226, '431, '296, and '408 patents. *Id.* Specifically, Advanced Energy seeks prosecution billing records for each of these patents showing a) client-matter number, b) attorney name, c) daily time spent, d) general description of work performed, and e) the names of any individuals cited in the records, or who spoke with, collaborated with, consulted, supervised, or contacted the attorney concerning the work. *Id.* Production of billing records containing this information will completely satisfy Testa Hurwitz's obligations in responding to the subpoena. *Id.*

### III. ARGUMENT

#### A. Testa Hurwitz's billing records are relevant to the underlying case

Advanced Energy has asserted inequitable conduct as an affirmative defense against MKS. To prove this, Advanced Energy must show (1) that MKS or its attorneys withheld material information from the Patent and Trademark Office ("PTO"), and (2) that MKS intended to deceive the PTO by withholding the information. *Regents of Univ. of Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1570 (Fed. Cir. 1997). Advanced Energy's document requests relate to the second prong of this test.

As for the first prong, MKS withheld from the PTO the claim construction order for the '628 patent that was issued during prior litigation between the parties by the United States District Court for the District of Delaware. (Ex. E.) MKS or its attorneys were required to provide this order to the PTO when prosecuting the '226, '431, '296, and '408 patents. *Marlow*

*Indus., Inc. v. Igloo Prod. Corp.*, 2002 WL 485698, *6 (N.D. Tex. 2002), *aff'd,* 65 Fed.Appx. 313 (Fed. Cir. 2003) (unpublished). The claim construction order was material to the PTO because the scope of a continuing patent's claims (e.g. the '226, '431, '296, and '408 patents) may be constrained by the specification of the parent patent (e.g. the '628). *See In re Chu,* 66 F.3d 292, 297 (Fed. Cir. 1995) (explaining that a patent application that benefits from the priority date of an earlier-filed application is limited in scope by the specification of the earlier application).

It is undisputed that MKS and its attorneys failed to provide the claim construction order to the PTO. Advanced Energy now seeks evidence regarding MKS's intent. Testa Hurwitz's patent prosecution billing records likely contain highly probative information regarding MKS's intent.

MKS has already put its intent at issue in this case. For example, MKS has admitted that its intent in prosecuting the progeny patents was to obtain patent claims from the PTO that avoided the negative implications of the Delaware District Court's claim construction order for the '628 patent. (Ex. F.) Testa Hurwitz's billing records may demonstrate whether MKS withheld the claim construction order from the PTO to deceive the patent examiner and obtain patent claims with a broader scope than might otherwise be allowed. *See, e.g., In re Freeman,* 30 F.3d 1459, 1465 (Fed. Cir. 1994) (criticizing patentee's attempts to make an end-run around the district court's claim construction orders during reexamination proceedings). For example, the billing records might indicate whether Testa Hurwitz considered notifying the PTO about the claim construction order; whether the issue of the materiality of claim construction orders was researched; or whether attorneys familiar with the claim construction order were involved with prosecution of the progeny patents. In addition to providing relevant, admissible

evidence like the evidence just described, the billing records are likely to lead to the discovery of other admissible evidence. For these reasons, Advanced Energy has a substantial need for Testa Hurwitz's billing records, and it will be unable to obtain the information contained in the records through other means.

**B.    Testa Hurwitz's billing records are not protected from discovery by the attorney-client privilege**

Attorney billing records are not generally protected by the attorney-client privilege. *In re Crescent Beach Inn*, 37 B.R. 894, 896 (D. Me. 1984) (holding that records revealing fees paid for legal work and the general nature of legal work performed are not within the attorney-client privilege). Billing records do not constitute confidential communications. *Id.* As this Court stated: "Documents regarding the payment of fees, billing and time expended are generally subject to discovery." *Colonial Gas Co. v. Aetna Casualty & Surety Co.*, 144 F.R.D. 600, 607 (D. Mass. 1992) (citing the Court of Appeals for the Fifth Circuit and Moore's Federal Practice for the proposition that matters involving the payment of fees are not protected by the attorney-client privilege). This case is no exception.

The only portion of Testa Hurwitz's billing records that may be privileged are billing descriptions that reveal confidential attorney-client communications. *Id.* Testa Hurwitz's blanket claims of privilege for *all* portions of its billing records is flawed in light of the narrow scope of privilege protection in this area. *Refuse & Envtl. Sys., Inc. v. Indus. Services of America*, 120 F.R.D. 8, 11 (D. Mass. 1988) (noting that ". . . blanket assertions of privilege are extremely disfavored."). Given this standard, Testa Hurwitz has no basis to refuse to produce records showing a) client-matter number, b) attorney name, c) daily time spent, d) general description of work performed, and e) the names of any individuals cited in the records, or who

spoke with, collaborated with, consulted, supervised, or contacted the attorney concerning the work.

Advanced Energy is not seeking discovery of billing information from Testa Hurwitz that the law in this jurisdiction identifies as privileged. (*See* Ex. D.) Even if Testa Hurwitz's billing records contain detailed billing descriptions that are privileged, this fact alone provides no basis for its refusal to produce the unprivileged portions of its billing records. Testa Hurwitz should simply redact privileged information that its billing records may contain, supplement its records with general descriptions of the work that its attorneys performed where necessary, and then produce the records. Because Testa Hurwitz has refused to take this approach, this Court should compel Testa Hurwitz to produce its billing records in this redacted form.

### C. Testa Hurwitz's billing records are not protected from discovery by the work product doctrine

During the parties' telephonic meet-and-confer sessions, Testa Hurwitz asserted the work product doctrine as an additional basis for refusing to produce any of its billing records. The work product doctrine does not protect Testa Hurwitz's billing records.

Courts in this jurisdiction apply a three-prong test to identify what constitutes work product under Fed. R. Civ. P. 26(b)(3): "the material must (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative." *Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24, 25 (D. Mass. 1987). As the party resisting discovery, Testa Hurwitz bears the burden of demonstrating that its billing records satisfy this test. *Id.* Mere conclusory assertions are insufficient to meet this burden. *Sham*, 118 F.R.D. at 27.

The only prong of the aforementioned test in dispute is whether Testa Hurwitz's billing records were prepared in anticipation of litigation. "The determinative question is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document." *Meszar v. Horan*, 1999 WL 1260280, *3 (Mass. Dist. Ct. 1999). Documents created in the normal course of business do not satisfy the three-prong work product test. *Id*. Billing records are quintessential examples of business records that are created in the normal course of business. As such, Testa Hurwitz's billing records are not entitled to work product protection.

Furthermore, the billing records were not "prepared in anticipation of litigation." It is not enough for Testa Hurwitz to claim that litigation was a "possibility" simply because many patent applications become issued patents that end up in litigation. *See, Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. 298, 302 (E.D.N.Y. 1992) (stating that the mere possibility of distant litigation over an issued patent is not a sufficient basis for invoking the work product doctrine).

Rather, Testa Hurwitz must demonstrate that at the time it prepared its billing records, it actually anticipated litigation with Advanced Energy. This standard is impossible for Testa Hurwitz and MKS to satisfy, because there was little or no overlap between MKS's patent prosecution activities and its preparation for suing Advanced Energy. By the time MKS learned of Advanced Energy's new Xstream product in March, 2003, (*see* Ex. G.) two of MKS's progeny patents had already issued, and the other two issued just weeks later.[2] Under circumstances like these, courts reject the argument that a party faced a substantial probability of

---

[2] MKS's '226 patent issued in May, 2002, its '431 patent issued in November, 2002, its '296 patent issued in April, 2003, and its '408 patent issued in May, 2003.

litigation that might justify work product protection. For example, in *In re: Minebea Co., Ltd.*, 143 F.R.D. 494 (S.D.N.Y. 1992), Rotron learned on February 21, 1984, that Matsushita had changed its manufacturing process for motor magnets such that it would infringe one of Rotron's pending patent claims. *Id.* at 497. The *Minebea* court held that prior to February 21, 1984, Rotron could not invoke the work product doctrine. *Id.* at 500-01. The court reasoned that Rotron lacked a reasonable basis to anticipate litigation before the date it received actual notice of Matsushita's actions. *Id.* This case is no different than *In re: Minebea*. Testa Hurwitz's billing records could not have been prepared in anticipation of litigation because MKS did not receive notice that the Xstream product even existed until after Testa Hurwitz's patent prosecution work was complete.

### D. Even if portions of Testa Hurwitz's billing records were privileged or protected by the work product doctrine, MKS waived its privilege

Testa Hurwitz refuses to produce *any* billing records responsive to Advanced Energy's subpoena. (*See* Ex. C.) At the direction of MKS and Proskauer Rose, Testa Hurwitz has asserted attorney-client privilege or work product doctrine protection for *all* of its records. *Id.* This blanket claim of privilege is inconsistent with MKS's actions, because MKS waived privilege protection for Testa Hurwitz's billing records. For example, MKS produced an unverified list of attorneys who worked on prosecuting the '226, '431, '296, and '408 patents, including the last day that each attorney worked on the files. MKS's Second Supplemental Response To Advanced Energy Industries, Inc.'s Interrogatory No. 9, states:

> The following Testa Hurwitz attorneys billed time to the matters associated with United States Patent Nos. 6,150,628; 6,388,226; 6,486,431; 6,552,296; or 6,559,408: Michael J. Bastian (last time entry 9/99), Steven M. Bauer (last time entry 7/00), Joseph A. Capraro, Jr. (last time entry 1/04), James C. De Vellis (last time entry 2/03), Steven J. Frank (last time entry 5/02), Kia L. Freeman (last time entry 6/01), Elizabeth E. Kim (last time entry 10/99), David G. Miranda (last time

entry 2/00), Edmund R. Pitcher (last time entry 7/00), Kurt Rauschenbach (last time entry 1/00), Dianne Mary Rees (last time entry 1/99), Jamie H. Rose (last time entry 12/03), Jane I. Song (last time entry 3/00), Joseph P. Sullivan (last time entry 2/00), Thomas A. Turano (last time entry 8/99), Gerald E. Worth (last time entry 10/02), and Natasha C. Us (last time entry 1/04), Yin Zhang (last time entry 10/00).

(Ex. H.) The actual billing records that support this interrogatory response cannot be privileged given MKS's disclosure of this information.

Additionally, Testa Hurwitz's blanket assertion of privilege is further weakened by the fact that it has not produced a privilege log as required by Fed. R. Civ. P. 26(b)(5).

## IV. SANCTIONS AND FEES

Throughout this dispute, Testa Hurwitz has argued persistently that *every* billing record responsive to Advanced Energy's subpoena requests Nos. 3, 6, 7, and 8 is privileged or protected by the work product doctrine. Yet, MKS, the owner of the privilege at issue, has simultaneously disclosed portions of the information it claims is privileged. Moreover, no privilege log covering the allegedly privileged documents has been provided to Advanced Energy, as required by Fed. R. Civ. P. 26(b)(5). Testa Hurwitz's blanket assertion of privilege is unreasonable in light of MKS's inconsistent behavior, and the law in this district, which recognizes that *most* billing information is not privileged. *Colonial Gas Co.*, 144 F.R.D. at 607. Because Testa Hurwitz's and MKS's position is unsustainable in fact or law, Advanced Energy respectfully requests that this Court award Advanced Energy its reasonable attorney's fees for bringing this motion to compel.

## V. CONCLUSION

Advanced Energy respectfully requests that this Court compel Testa Hurwitz to produce billing records responsive to its subpoena Requests numbered 3, 6, 7, and 8. At the very least,

Advanced Energy prays that this Court compel Testa Hurwitz to produce billing records related to the prosecution of the '226, '431, '296, and '408 patents that include: a) client-matter number, b) attorney name, c) daily time spent, d) general description of work performed, and e) the names of any individuals cited in the records, or who spoke with, collaborated with, consulted, supervised, or contacted the attorney concerning the work.

In addition, Advanced Energy respectfully requests that this Court award Advanced Energy its reasonable attorney's fees for bringing this motion to compel.

                                    Respectfully submitted,

                                    DECHERT LLP

                                    By: _____
                                    Timothy C. Blank (BBO No. 548670)
                                    Amber R. Anderson (BBO No. 647566)

                                    200 Clarendon Street, 27th Floor
                                    Boston, MA 02116
                                    (617) 728-7116

                                    Attorneys for Advanced Energy Industries, Inc.

OF COUNSEL:
Stephen P. Swinton
James P. Brogan
Craig A. Neugeboren
Wayne O. Stacy
COOLEY GODWARD, L.L.P.
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
(720) 566-4000

DATED:     Boston, MA
                 March 26, 2004

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1(a)(2) and 37.1(b)

Pursuant to Local Rule 7.1(a)(2) and Local Rule 37.1(b), Advanced Energy certifies that it has unsuccessfully attempted to reach agreement with Testa Hurwitz concerning the matters set forth herein.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of March, 2004, copies of the foregoing were served upon the following party in the manner indicated:

### BY FACSIMILE & FIRST CLASS MAIL

Douglas J. Kline, Esq.
**TESTA HURWITZ & THIBEAULT LLP**
125 High Street
Boston, MA 02110
Phone: (617) 248-7000
Fax: (617) 248-7100

Steven M. Bauer, Esq.
Jim Landau, Esq.
Joseph A. Capraro, Esq.
**PROSKAUER ROSE LLP**
1585 Broadway
New York, NY   10036-8299
(212) 969-3000
FAX:  (212) 969-2900

Melanie K. Sharp, Esq.
John W. Shaw, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE   19801
(302) 571-6681
FAX:  (302) 571-1253

_____

212723 v5/CO
4k4z05!.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MKS INSTRUMENTS, INC. and APPLIED SCIENCE AND TECHNOLOGY, INC., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ADVANCED ENERGY INDUSTRIES, INC., )<br>)<br>Defendant. ) | United States District Court<br>For The District of Delaware<br>C.A. No. 03-469 (JJF) |

**[PROPOSED] ORDER GRANTING ADVANCED ENERGY'S MOTION TO COMPEL THIRD-PARTY TESTA HURWITZ & THIBEAULT LLP TO PRODUCE DOCUMENTS**

THIS MATTER comes before the Court upon Advanced Energy Industries, Inc.'s motion to compel third-party Testa Hurwitz & Thibeault LLP to produce billing records responsive to Advanced Energy's Rule 45 document subpoena. The Court, having reviewed the motion, the response, and being fully advised in the premises, hereby

ORDERS that Advanced Energy Industries, Inc.'s Motion is GRANTED:

1. Within fourteen days from the date of this Order, Testa Hurwitz & Thibeault LLP shall produce documents responsive to Advanced Energy Industries, Inc.'s subpoena Request Nos. 3, 6, 7, and 8.

2. Testa Hurwitz & Thibeault LLP is ordered to include the following information with each billing record: a) client-matter number, b) attorney name, c) daily time spent, d) general description of work performed, and e) the names of any individuals cited in the records, or who spoke with, collaborated with, consulted, supervised, or contacted the attorney concerning the work.

3. Testa Hurwitz & Thibeault LLP is ordered to pay Advanced Energy's reasonable attorneys' fees in the amount of $_____.

Dated: _____, 2004

BY THE COURT:

_____
United States District Court Judge

212922 v1/CO
4K@$01!.DOC

247803.1.49 3/26/04 11:05 AM