IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
MKS INSTRUMENTS INC. and APPLIED            )
SCIENCE AND TECHNOLOGY, INC.,               )
                Plaintiffs,                 )
                                            )   C.A. No. 04-mc-10090-NG
v.                                          )
                                            )
ADVANCED ENERGY INDUSTRIES, INC.,           )
                                            )
                                            )
                Defendant.                  )
_____ )

### MKS INSTRUMENTS, INC.'S OPPOSITION TO ADVANCED ENERGY INDUSTRIES, INC.'S MOTION TO COMPEL THIRD-PARTY TESTA HURWITZ & THIBEAULT LLP TO PRODUCE DOCUMENTS

MKS Instruments, Inc. ("MKS) hereby respectfully submits this Opposition to Advanced Energy Industries, Inc.'s ("AE's") Motion to Compel Third-Party Testa, Hurwitz & Thibeault, LLP ("Testa") to Produce Documents (the "Motion"). AE seeks production of billing records that reflect work performed by Testa attorneys related to prosecution of certain MKS patents AE is accused of infringing in the litigation currently pending in the United States District Court for the District of Delaware. This Opposition is necessary in order to apprise this Court of facts AE concealed in its moving brief, including the following:

      1.     MKS has already moved for a protective order in the District of Delaware where this action is pending. If granted, that protective order will prevent AE from the discovery sought by its Motion filed with this Court. Therefore, this Court should either stay consideration of AE's Motion until the Delaware court rules on MKS's motion for protective order, or transfer this Motion to Delaware for consideration as Testa is willing to waive any jurisdictional problems such a transfer may raise.

      2.     There is no suggestion in AE's papers that the material is relevant. AE seeks information it already has obtained through MKS's interrogatory responses and deposition testimony. For example, MKS has already disclosed the names of the attorneys involved in prosecution of the patents at issue, and has allowed Joseph A. Capraro, Jr., the partner in charge of these prosecutions, to testify both on his own behalf, and on behalf of MKS, as to what work he and other Testa attorneys performed in these prosecutions.

      3.     The portions of Testa's billing records containing descriptions of the work performed by the attorneys are protected by MKS's attorney-client privilege. It is these descriptions AE is seeking by its motion – it does not care for, or need to know the day and time various people worked on the patent applications.

4.      By its Motion, AE also requests that this Court order Testa not only to produce the billing records in redacted form, but to create new descriptions for the work performed by Testa attorneys on MKS's behalf. This would subject Testa, a non-party to this dispute, to undue burden in responding to its subpoena. Further, if the records were produced in such redacted and modified form, they would either remain privileged or lack the detailed information AE seeks – specifically, any privileged communications concerning MKS disclosure of information to the USPTO.

5.      AE's filing of this Motion, despite the facts listed above, is indicative of the abusive discovery tactics AE is using to harass MKS's current and former counsel. For example, AE's Motion concerns only one of five (5) subpoenas it served on Testa – all of which requested documents, and two of which requested Rule 30(b)(6) testimony from this third-party.

Because AE failed to bring these issues to this Court's attention, MKS respectfully submits this opposition brief pursuant to Local Rule 37.1(C). MKS has standing to oppose AE's Motion because the Motion seeks waiver of MKS's attorney-client privilege covering communications with its former counsel.[1]

## I.  BACKGROUND

MKS filed the current action to put an end to AE's infringement of five of its patents. This litigation is currently pending in the United States District Court for the District of Delaware, captioned MKS Instruments, Inc. and Applied Science and Technology, Inc. v. Advanced Energy Industries, Inc., C.A. No. 03-469 (JJF).

In response to MKS's claims of infringement, AE has raised a completely unsupported inequitable conduct defense, claiming that certain information from a prior litigation between the parties should have been disclosed to the United States Patent and Trademark Office ("USPTO") during prosecution of certain of the patents-in-suit. During the course of discovery, MKS has already provided an interrogatory response disclosing the names of the attorneys who had billed time to matters associated with the patents-in-suit, as well as the last date each of those attorneys worked on any of those matters. (See Ex. H to AE's Motion, MKS's Second Supplemental Response to AE's Interrogatory No. 9.) MKS

---

[1] Courts routinely recognize standing of parties with claims of privilege covering information sought in subpoenas directed to third-parties to assert their privilege in order to prevent compliance with those subpoenas and waiver of their privilege. See, e.g., Florida v. Jones Chemicals, Inc. (Florida), et al., 1993 WL 388645, at *2 (M.D. Fla. March 4, 1993), attached for the Court's convenience as Ex. A.

also allowed Joseph A. Capraro, Jr., the partner in charge of those prosecutions, to testify at a deposition about prosecution of the patents at issue, both on his own behalf and as a Rule 30(b)(6) witness for MKS.

With the close of fact discovery quickly approaching, AE served upon <u>eight (8) additional attorneys</u> and <u>two (2) law firms</u> subpoenas for deposition testimony and production of documents, solely because it suspected that those attorneys and firms were involved with or assisted Mr. Capraro in prosecution of the MKS patents at issue in this case. In fact, AE served <u>five (5) separate subpoenas</u> on Testa alone, all of which required document production and two of which required Rule 30(b)(6) testimony on Testa's behalf. AE now moves to compel Testa's performance with one of these subpoenas.

II.  **ARGUMENT**

    A.  **AE Filed Its Motion to Compel Production of Testa's Billing Records Despite the Fact That MKS Had Already Moved in the District Court in Delaware to Prevent Such Discovery.**

On March 19, 2004, MKS filed a Motion for Protective Order in the District of Delaware, where this action is pending. In that Motion, MKS requested that the Delaware court issue an order "preventing AE from taking the depositions or subpoenaing documents from attorneys Steven Bauer, Gerald Worth, Jamie Rose, Kurt Rauschenbach, Joseph Sullivan, James DeVellis, Natasha Us, Steven Frank, Testa, Hurwitz & Thibeault, LLP, Proskauer Rose, LLP." (<u>See</u> Ex. B, MKS's Motion for Protective Order.)

Knowing that the Delaware court's decision might prevent it from obtaining Testa's billing records, AE chose to file a separate motion in this Court to compel Testa to produce the documents sought by its subpoena. <u>Nowhere in AE's brief does it apprise this Court of this important fact</u>. Were this Court to rule separately from the Delaware court, conflicting rulings could issue, placing Testa in a precarious situation as to compliance with this Court's order.

This Court should not rule on AE's Motion while MKS's motion for protective order is pending. Rather, this Court should transfer this dispute to Delaware for resolution so that the issue can be decided in a tribunal familiar with the case and the discovery disputes between the parties, and to prevent conflicting rulings from issuing. Courts have recognized the need for transfer of discovery disputes when circumstances make such a transfer necessary. <u>See</u> <u>e.g.</u>, <u>In re Orthopedic Bone Screw Prods. Liability</u>

3

Litig., 79 F.2d 46, 49 (7th Cir. 1996) (denying petitions for mandamus sought by third-parties whose motions for protective order were transferred from their home state to the court in which the action was pending). Testa will consent to such a transfer. Thus, no jurisdictional problems would arise in this instance. At a minimum, this Court should stay its decision on AE's Motion until the Delaware court rules on MKS's motion for protective order.

### B.   Testa's Detailed Descriptions of Work Performed By Testa Attorneys Are Protected by the Attorney-Client Privilege.

To the extent AE seeks disclosure of the detailed descriptions of work performed by Testa attorneys in the billing records, that information is protected by MKS's attorney-client privilege. This Court has recognized that the attorney-client privilege not only protects "communications made between an attorney and a client for the purpose of obtaining legal advice," but also "extends to communications made by the attorney to the client that would 'reveal, directly or indirectly, the substance of a confidential communication by the client.'" Colonial Gas Co. v. Aetna Casualty & Surety Co., 144 F.R.D. 600, 604 (D. Mass. 1992) (internal citations omitted) (denying motion to compel documents revealing the nature of the services provided). Specifically, as to billing records, this Court has recognized that, "[t]o the extent that time records and statements reveal the nature of the services provided, . . . such documents are privileged." Id. at 607.

AE's statements that Testa has made blanket claims of privilege for all portions of the billing records is untrue. AE is well-aware that Testa, with MKS's consent, was willing to produce the billing records with the descriptions completely redacted, if AE would accept that as satisfying Testa's obligations under the subpoena. However, AE has made clear that that information is not relevant or what it is seeking, and has demanded that it will only accept production of the descriptions, as it claimed that those descriptions might reveal some sinister plot to deceive the USPTO.

AE's argument that MKS waived the privilege covering these descriptions by disclosure of the names of the attorneys who worked on the patent prosecution matters, and the last date they worked on those matters, is ill-founded at best. Disclosure of non-privileged information in a document does not

4

waive privilege as to the privileged portions of that document. Indeed, if AE's argument were to be accepted, how could this Court in good conscience grant AE's request that the records be produced in redacted form, as that would require Testa to disclose even more non-privileged information from its billing records, and thus, according to AE's argument, would result in waiver of the privilege to the descriptions as well.

        **C.**         **Testa Should Not Be Forced to Undertake the Cumbersome Exercise of Redacting and Modifying its Records Where the Information Provided Therein Would Either Remain Privileged, or Be Irrelevant and Duplicative of Information Already Produced.**

In an apparent attempt to seem compromising, AE states that Testa should at least produce "modified" versions of the billing records. Specifically, AE wants Testa to review the billing records, redact the detailed descriptions of the work performed by Testa attorneys included in those records, and "supplement its records with general descriptions of the work that its attorneys performed."

First, even "general descriptions" of the work performed would be privileged under Massachusetts law, as those descriptions would "reveal the nature of the services provided." Colonial, 144 F.R.D. at 607.

Second, Fed. R. Civ. P. 45 does not require third-parties to create documents in response to a subpoena, but merely to produce non-privileged responsive documents. To require more would impose a burden on third-parties beyond what is envisioned by the Rule, and would contravene the Rule's requirement that parties and attorneys issuing subpoenas "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45. This redaction and supplementation effort would entail a detailed review of hundreds of time entries, requiring days of attorney time to complete. This is a burden Testa (or MKS) should not be forced to bear, especially in light of the irrelevance of the resulting work product.

Were Testa to undertake this effort, the resulting documents would be attorney billing records containing only "general descriptions" of the work conducted by the Testa attorneys. If Testa were to redact all privileged information, the "general descriptions" created would never contain such detail to

5

disclose the type of evidence sought by AE – specifically, detailed evidence of MKS's requests for advice of counsel concerning what information should be submitted to the USPTO. Further, the testimony of Mr. Capraro already disclosed to AE the types of work that went into these prosecutions.

Other than these modified descriptions which would not provide AE with any new information, the only additional information the records would contain would be:

- the names of the attorneys involved in these prosecutions (which have already been disclosed to AE through MKS's interrogatory responses); and
- the number of attorney hours spent on these matters (which has no relevance to this suit).

In light of the irrelevance and duplicative nature of this information, Testa should not be forced to bear the burden of this futile redaction and supplementation exercise.

At bottom, the five (5) subpoenas served on Testa amount to simply another attempt by AE to harass MKS's current and former counsel. Put in context, these subpoenas are part of a massive harassment campaign intended by AE to put pressure on MKS. On this topic of inequitable conduct alone, despite MKS's agreement to permit Mr. Capraro to testify and MKS's disclosure of information through interrogatory responses, AE issued subpoenas for deposition testimony and document production from six (6) junior attorneys and a Testa partner who acted under Mr. Capraro's supervision in MKS prosecution efforts. AE did this without <u>any</u> hint of evidence that these individuals might have discoverable information beyond what Mr. Capraro could testify to as their supervising partner. AE also subpoenaed MKS's lead trial counsel Steven M. Bauer, and Proskauer Rose LLP, MKS's current counsel firm.

AE has no right to use such "scorched earth" discovery tactics. Allowed to prevail on this Motion, AE will not end its harassment here. With the billing records in hand, it will push next for the depositions of each of the attorneys listed above, and continue its "no rock unturned" search for some shred of evidence to support its bogus inequitable conduct defense.

## III. CONCLUSION

For these reasons, MKS respectfully requests that this Court deny AE's Motion outright, or, in the alternative, either transfer the Motion to the District of Delaware for decision there, or stay decision of this Motion until the Delaware court has ruled on MKS's motion for protective order.

>PROSKAUER ROSE, LLP
>
>/s/ Steven M. Bauer
>Steven M. Bauer, Esquire (BBO# 542531)
>One International Place – 14th Floor
>Boston, MA 02110-2600
>Tel. (617) 526-9600
>Fax. (617) 526-9899
>sbauer@proskauer.com
>
>*Attorneys for Plaintiffs MKS Instruments, Inc. and*
>*Applied Science and Technology, Inc.*

Dated: April 9, 2004