Westlaw.
1993 WL 388645                                                                                                                   Page 1
1993-2 Trade Cases P 70,337
**(Cite as: 1993 WL 388645 (M.D.Fla.))**

United States District Court, M.D. Florida, Jacksonville Division.

STATE OF FLORIDA ex rel. Robert A. BUTTERWORTH
v.
JONES CHEMICALS, INC. (Florida), et al.

**No. 90-875-CIV-J-10.**

March 4, 1993.

Order

SNYDER, United States Magistrate Judge.

*1 This cause is before the Court on three Motions to Quash Subpoena or, in the Alternative, Motions for Protective Order (Docs. ## 170-172) (hereinafter collectively referred to as motions for protective order), filed on December 1, 1992, by several municipalities and municipal entities who are Plaintiffs in a civil action in the United States District Court for the Northern District of Alabama (hereinafter Movants). [FN1] They are directed at subpoenas served on John C. Hall (Doc. # 170) (hereinafter Hall Motion), Jerome Hoffman (Doc. # 171) (hereinafter Hoffman Motion), and Dr. James T. McClave (Doc. # 172) (hereinafter McClave Motion), respectively. Memoranda in Opposition to each of these motions for protective order were filed on December 14, 1992 (Docs. ## 175-177). A hearing was held on the motions for protective order on January 20, 1993.

*Background*

The events relevant to the instant motions for protective order are set forth in a separate Order entered this same date, and that discussion is hereby incorporated by reference. To that discussion, the Court adds the following.

On November 13, 1992, subpoenas were issued by Defendant P.B. & S. Chemical to John C. Hall, Esquire, attorney for Movants; Jerome Hoffman, Esquire, Chief of the Antitrust Section, Florida Department of Legal Affairs, and attorney for the State of Florida in this action; and Dr. James T. McClave, an individual employed as a consultant by the Plaintiff in this case as well as by the Movants in the Alabama case. The subpoenas directed the target to appear on a specified date for the taking of their deposition and the inspection and copying of certain documents identified in an exhibit to the subpoena. On December 1, 1992, the instant motions for protective order were filed, and the Court, by Order entered December 8, 1992 (Doc. # 173), stayed the depositions which were the subject of the motions for protective order pending a determination of the motions by the Court.

On December 14, 1992, the Honorable Maurice M. Paul, United States District Judge, Northern District of Florida, signed an Order quashing the subpoena directed to Dr. McClave. See Affidavit of James T. McClave (Doc. # 196), filed on February 17, 1993, Exhibit F. On or about December 17, 1992, a Motion of P.B. & S. Chemical Company, Inc. to Compel Production and for Rehearing of the Motion to Quash or Modify and for Protective Order as to James T. McClave was filed in the Northern District of Florida. See *id.,* Exhibit G. On January 8, 1993, Judge Paul entered an Order deferring ruling on P.B. & S' Motion to Compel pending resolution by this Court of the instant motions for protective order. See Order filed January 20, 1993 (Doc. # 194). [FN2]

*Discussion*

Movants challenge the authority of the Court to compel compliance with the subpoenas [FN3] and, with respect to two of them, object on grounds of privilege. See Hall Motion at 2-3; Hoffman Motion at 2; McClave Motion at 2-4. Defendants, in turn, contest Movants' standing to challenge the subpoenas. See Van Waters & Rogers Inc.'s and P.B. & S. Chemical Company, Inc.'s Memorandum in Opposition to the Putative Intervenors' Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order With Respect to John C. Hall, Esquire (Doc. # 175) (hereinafter Opposition Memorandum (Hall)), filed on December 14, 1992, at 4; Van Waters & Rogers Inc.'s and P.B. & S. Chemical Company, Inc.'s Memorandum in Opposition to the Putative Intervenors' Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order With Respect to Jerome Hoffman, Esquire (Doc. # 176), filed on December 14, 1992, at 4; Van Waters & Rogers Inc.'s and P.B. & S.

1993 WL 388645                                                                                                                     Page 2
1993-2 Trade Cases  P 70,337
**(Cite as: 1993 WL 388645 (M.D.Fla.))**

Chemical Company, Inc.'s Memorandum in Opposition to the Putative Intervenors' Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order With Respect to Dr. James T. McClave (Doc. # 177), filed on December 14, 1992, at 4.

  A. *Standing*

 **\*2** With regard to Mr. Hoffman, the Defendants are clearly correct:
   Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash.  Unless a party can demonstrate a personal right or privilege with respect to the subject matter of the deposition, the party to the action lacks standing to halt the deposition.

 Hunt Int'l Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D.Ill.1983);  see also Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979);  Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co., 519 F.Supp. 668, 680 (D.Del.1981).   Movants are not the person to whom the subpoena was directed, and they claim no personal right or privilege with regard to the testimony and documents sought.   Hence, they have no standing to challenge the subpoena directed to Jerome Hoffman. [FN4]

 Movants have standing, however, to assert their claims of attorney-client and work product privilege with respect to the testimony and documents sought in the subpoena directed to John C. Hall.   See In re Impounded Case (Law Firm), 879 F.2d 1211, 1213-14 (3d Cir.1989);  In re Antitrust Grand Jury, 805 F.2d 155, 163 (6th Cir.1986).   Moreover, Mr. Hall, who joins in the motion for protective order with respect to the subpoena directed to him, has standing to challenge the Court's authority to compel compliance with the subpoena as well as to assert the work product privilege.   E.g., In re Antitrust Grand Jury, 805 F.2d at 163.   Thus, the Court will consider the merits of the Hall Motion.

 As for the subpoena directed to Dr. McClave, Movants may have standing to challenge the Court's authority to compel compliance with the subpoena, and clearly have standing to assert their claims of privilege with respect to testimony and documents sought in the subpoena (assuming they are applicable).  See Brown, 595 F.2d at 967;  Oliver B. Cannon & Son, 519 F.Supp. at 680.

  B. *The Court's Power to Authorize the Discovery*

 Movants contend that the Court is without power to compel discovery reasonably calculated to uncover violations of the Protective Order (Doc. # 39), filed on December 20, 1990, because the underlying litigation has been dismissed.   Hall Motion at 1-2;  McClave Motion at 1-2.   However, as noted by the Defendants, the Order contemplates continuing supervision by the Court because it specifically requires the parties to return or destroy documents containing the other party's confidential information *after* the litigation is terminated.  Protective Order at 6.   Further, it specifically provides that "[a]ll obligations and duties arising under this Protective Order shall survive the termination of this action."  *Id.* at 7.   These provisions do not exceed the jurisdiction of the Court.   See, e.g., Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 782 (1st Cir.1988), cert. denied, 488 U.S. 1030 (1989); Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 121 F.R.D. 264, 267 (M.D.N.C.1988).   *Public Citizen,* on which Movants rely, expressly recognized that "the district court necessarily had the power to enforce the [protective] order, at any point while the order was in effect, including periods after judgment." 858 F.2d at 782.   Because the power to enforce the Protective Order includes power to use the sanction of contempt, see *id.,* arguably the power to enforce also includes the lesser power to authorize discovery for the purpose of uncovering violations.  [FN5]  Indeed, it appears Defendants would be entitled to conduct discovery had they filed a motion for contempt against Plaintiff notwithstanding the fact the case was closed.   See Littlejohn v. BIC Corp., 851 F.2d 673, 686 & n. 32 (3d Cir.1988).   It would be anomalous if Defendants were denied such discovery because they took less drastic measures to ensure compliance with the Protective Order.

 **\*3** Further, because the Protective Order imposes obligations which survive the termination of this action, this Court must have the power to enforce those obligations even after the termination of the action.   Arguably, this power to enforce must include the power to authorize discovery into possible breaches of the obligations assumed through stipulation to the Protective Order.   It goes without saying that violating such a protective order is a very serious matter.   See Littlejohn, 851 F.2d at 684; Jepson, Inc. v. Makita Electric Works, Ltd. [1992-2 TRADE CASES ¶ 70,035], 143 F.R.D. 657, 662-63 (N.D.Ill.1992).   Accordingly, for all these reasons the Court finds it has the power to compel compliance with the subpoenas at issue.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1993 WL 388645                                                                                      Page 3
1993-2 Trade Cases P 70,337
**(Cite as: 1993 WL 388645 (M.D.Fla.))**

C. *Should a Protective Order Issue for Mr. Hall?*

Movants argued at the hearing that, if the Court does have the power to compel compliance with the subpoenas, they nevertheless should not be enforced. Specifically, they contended there is no evidence that the Protective Order has been violated, and that Defendants' efforts amount to a "fishing expedition."

Ordinarily, a protective order may only be granted when "good cause" is shown. See Rule 26(c), Federal Rules of Civil Procedure (FRCP). Movants' argument, however, is not framed in terms of good cause for issuance of a protective order. Rather, they argue that the case is closed and that there is no evidence of a violation of the stipulated Protective Order, and thus they appear to assume the burden is on Defendants to show "good cause" for the issuance of the subpoenas.

Movants' implicit suggestion that discovery of this nature should not be allowed as freely as when litigation is still pending is well taken. Once a case has closed, the jurisdiction of the Court, as a general proposition, is at an end. See Public Citizen, 858 F.2d at 781. Further, when the underlying controversy is terminated, the liberal discovery provisions applicable during its pendency no longer govern. See *id.;* see also Rule 26(b)(1), FRCP ("[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the *pending action* ...." (emphasis added)). While the Court retains jurisdiction to enforce any of its Orders whose obligations survive the termination of the action, the fact the case is no longer pending suggests that discovery in aid of this enforcement power should be the exception, not the rule. In practical terms, an argument could be made that the presumption favoring discovery embodied in Rule 26(c)'s requirement of "good cause" for issuance of a protective order should not apply when the action is no longer pending.

Thus, having considered all the grounds urged and the evidence offered in support of same, the Court finds the Defendants have not made a sufficient showing to warrant the discovery requested. The only evidence produced supporting the Defendants' suspicions of a violation of the Protective Order involving Mr. Hall are two letters appended to their response. See Opposition Memorandum (Hall), Exhibits B, C. The first is a letter dated February 28, 1990, and addressed to Jerome Hoffman from Redding Pitt, Chief Deputy Attorney General for the state of Alabama, regarding exchange of information and materials obtained by the states of Alabama and Florida pursuant to their investigations of alleged bid rigging in the chlorine industry. The second is a letter dated April 2, 1990, and addressed to Richard A. Arnold and John C. Hall III, appointing them Special Assistant Attorneys General to render legal services in "Chlorine Antitrust Litigation."

**\*4** Viewing this evidence in the light most favorable to Defendants, it shows at best that Mr. Hall had access to materials obtained pursuant to the Civil Investigative Demand (CID) procedures utilized by the Florida Attorney General prior to filing the instant action. There is no evidence these materials were ever brought under the terms of the Protective Order, issued ten months after the first letter, pursuant to paragraph two thereof. Even if they were, the release of CID materials prior to the entry of the Protective Order pursuant to an information sharing agreement entered ten months earlier does not retroactively become a violation of the Protective Order.

Further, there is no evidence that materials produced by Defendants, or designated as confidential pursuant to paragraph two of the Protective Order, after the entry of the Protective Order were released to the Alabama Attorney General's office in violation of the Protective Order. Indeed, Jerome Hoffman, counsel for Plaintiff in this case, has submitted a copy of an affidavit in which he avers neither he nor any other representative of Plaintiff released any documents subject to the terms of the Protective Order to the state of Alabama. See Copy of Affidavit of Jerome W. Hoffman (Doc. # 192), filed on January 20, 1993, at 1-2.

In short, Defendants offer the barest of suspicions to justify conducting a deposition of and a rather extensive (and, in the Court's view, overbroad) [FN6] production of documents by Mr. Hall. Absent stronger evidence of a violation of the Protective Order, the Court cannot countenance such discovery in a case that has been closed for nearly ten months. [FN7]

D. *Should a Protective Order Issue for Dr. McClave?*

Dr. McClave, however, presents a somewhat different situation. In an affidavit recently submitted to this Court, he acknowledges that "I and my employer, Info Tech, may have information in our possession which is 'Confidential Information' within the meaning of the Protective Order ... issued by this

1993 WL 388645                                                                                                                Page 4
1993-2 Trade Cases P 70,337
**(Cite as: 1993 WL 388645 (M.D.Fla.))**

Court on December 19, 1990, which inadvertently was not returned to the Office of the Attorney General of the State of Florida when the [instant] action was dismissed." Affidavit of James T. McClave at 2. Indeed, he has filed a Motion for Instructions with Respect to Disposition of Documents of Info Tech, Inc. and James McClave (Doc. # 195) (hereinafter Motion for Instructions), on February 17, 1993, seeking

> an order authorizing and directing Info Tech, Inc. and James T. McClave to return all documents and computer data bases in their possession which were received or generated by them in their capacity as expert consultants for the State of Florida in this cause to the office of the Attorney General of the State of Florida.

*Id.* at 1.

Dr. McClave avers that his failure to return or destroy all materials subject to the Protective Order "was entirely inadvertent and not the result of any intent to willfully disobey this Court's Protective Order." Affidavit of James T. McClave at 22. He also states that "[t]o the best of my knowledge ... none of the Confidential Information which may be contained in the data base or the documents relating to the [instant case] has been furnished by me or any other Info Tech personnel to the attorneys for the plaintiffs in the Alabama Chlorine Case." *Id.* at 11. He denies disclosing to anyone involved in the Alabama case any confidential documents or information subject to the terms of the Protective Order. *Id.* at 13. Finally, in connection with his services for the Alabama Plaintiffs, he avers:

> **\*5** a. I have not received, used, or relied upon any documents not provided to me by the attorneys for the plaintiffs in the Alabama Chlorine Case;
> b. I did not receive any information or documents from any attorney for the plaintiffs in the Alabama Chlorine Case until after I was advised that John Hall was no longer serving as an Alabama Special Assistant Attorney General;
> c. I have received no document that was marked "Confidential."

*Id.* at 20.

While the Court has no reason to doubt Dr. McClave's good faith, his affidavit nevertheless provides the Defendants with substantial grounds for conducting discovery to determine whether and to what extent the Protective Order has been violated, as well as to inquire into his representations of inadvertence. He admits that "[i]t is ... very probable that some portion of the existing data base and some portion of the misfiled documents, notes and reports contain data which was designated as 'Confidential Information' under the Protective Order." *Id.* at 10. Moreover, it appears he was aware of the terms of the Protective Order, see *id.* at 10, 21-22, as he should be. See Protective Order at 5. Defendants are entitled to know what documents and software containing their confidential information have been retained, and to inquire into the reasons why the information was not returned or destroyed.

Additionally, Dr. McClave acknowledges that "[n]either Info Tech nor I presently have the means to conclusively determine whether any of the data in the data base for the [instant case] which still exists is 'Confidential Information' and covered by the Protective Order ... nor can we identify the party who produced the documents stamped 'Confidential[.]' " *Id.* at 9. If Defendants are permitted to inspect the documents and data bases in question, they may be able to assist him in identifying which documents and data bases contain their confidential information, thereby furthering a speedy resolution of the issues raised in his Motion for Instructions.

As for Movants' claims of privilege, none of the requests outlined in the subpoena, see McClave Motion, Exhibit A, appear to call for the production of documents to which they reasonably could claim a privilege. Because movants have not identified which request(s) call for privileged materials, *Cf.* Rule 3.04, Local Rules, United States District Court, Middle District of Florida, the Court is unable to identify any either. [FN8] As for the deposition, challenges on grounds of privilege at this stage are premature. See *Binstein,* 98 F.R.D. at 690, 691. Accordingly, the Court will not enter a protective order on grounds of privilege at this time with regard to the subpoena directed to Dr. McClave.

For all the reasons set forth above, it is hereby Ordered:

1. the motion for a protective order with respect to Mr. Hall (Doc. # 170) is Granted;

2. the motion for a protective order with respect to Mr. Hoffman (Doc. # 171) is Denied;

**\*6** 3. the motion for a protective order with respect to Dr. McClave (Doc. # 172) is Denied.

FN1. By separate Order entered this same

date, Movants were allowed to intervene in this case to seek a modification of the Court's Protective Order (# 39), filed on December 20, 1990.

FN2. A Motion for Instructions with Respect to Disposition of Documents of Info Tech, Inc. and James McClave (Doc. # 195) was filed on February 17, 1993, and will be ruled on at a later date. Dr. McClave has not filed a motion for protective order with respect to his subpoena, however, and is not otherwise before the Court.

FN3. Movants' challenge is based on the fact the case is closed. The Court notes, however, that while the requests to quash the subpoenas are not properly brought before this Court, see Rule 45(c)(3)(A), Federal Rules of Civil Procedure, the requests for protective orders are properly before the Court, at least with respect to Mr. Hall and Dr. McClave. See Rule 26(c), Federal Rules of Civil Procedure. Mr. Hall joins in the motion for protective order with respect to the subpoena directed to him, and the Movants claim a personal right or privilege with respect to Dr. McClave. See *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979).

FN4. Moreover, while a copy of an affidavit by Jerome Hoffman was submitted in which he avers no documents were disclosed to the State of Alabama in violation of the Protective Order, see Copy of Affidavit of Jerome W. Hoffman (Doc. # 192), filed on January 20, 1993, no motion seeking a protective order from this Court has been filed by Mr. Hoffman.

FN5. The language Movants cite which states "the court simply lacked power to impose any new, affirmative requirements on the parties relating to discovery", *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 781 (1st Cir.1988), cert. denied, 488 U.S. 1030 (1989), is inapposite. The court was referring to obligations imposed not in furtherance of the lower court's power to enforce its orders, but in an effort to reverse the effect of a local rule and require the parties to file their discovery materials after the case already had been terminated. See *id.* at 779-81.

FN6. For example, it is unclear how request number five--"[a]ll documents which you and/or your law firm have provided to any person employed by or representing the Attorney General of the State of Florida concerning the sale of repackaged chlorine to public entities in the States of Florida and/or Alabama"--has any relevance to documents released by the State of Florida in violation of the Protective Order.

FN7. Because the Court finds the issuance of the subpoena to Mr. Hall was not justified, it will not address Movants' other challenges to that subpoena.

FN8. It is noted, however, that the requests for production of documents appear significantly overbroad. For example, request number one asks for "[a]ll documents provided to you by any person employed by or otherwise associated with the Office of Attorney General for the State of Florida concerning repackaged chlorine." McClave Motion, Exhibit A. This request, as framed, calls for documents which may not have been subject to the terms of the Protective Order, confidential, or both. Dr. McClave, however, has not challenged his subpoena before this Court on any grounds including overbreadth.

1993 WL 388645, 1993 WL 388645 (M.D.Fla.), 1993-2 Trade Cases  P 70,337

END OF DOCUMENT