IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MKS INSTRUMENTS INC. and APPLIED SCIENCE AND TECHNOLOGY, INC., )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ADVANCED ENERGY INDUSTRIES, INC.,  )<br>)<br>Defendant.  ) | C.A. No. 03-469 (JJF) |

### MKS INSTRUMENTS, INC.'S MOTION FOR PROTECTIVE ORDER (SUPPLEMENTED[1])

Pursuant to Federal Rule of Civil Procedure 26(c), MKS Instruments, Inc. hereby moves this Court for a protective order preventing the unnecessary, harassing and undue burden and expense imposed by nearly a dozen subpoenas and notices for deposition served by Advanced Energy Industries, Inc. ("AE") on:

> (1) Attorney Steven Bauer, lead trial counsel for MKS in this dispute, seeking his testimony on his role in the prosecution of the patents-in-suit despite the fact that the protective order in this case precludes him from prosecution of the patents in issue;
>
> (2) fourth inventor Eric Georgelis, who is undergoing treatment for cancer and has no additional knowledge germane to this case beyond what the other three inventors of the patents at issue have already testified to;
>
> (3) six attorneys (former and current Testa Hurwitz attorneys Gerald Worth, Jamie Rose, Kurt Rauschenbach, Joseph Sullivan, James DeVellis, Natasha Us and Steven Frank), who assisted Attorney Joseph A. Capraro, Jr. with prosecution of the patents at issue, and the law firms at which these attorneys were employed, both Testa, Hurwitz and MKS's new counsel in this dispute, Proskauer Rose, LLP ("Proskauer"); and
>
> (4) employees of MKS's subsidiaries, who have no knowledge relevant to the patents or products involved in this case.[2]

---

[1] After MKS filed its Motion for Protective Order on March 17, 2004, three more subpoenas were served necessitating supplementation of the original Motion.

[2] Although the subpoenas at issue in this motion were issued by the United States District Court for the District of Massachusetts, the appropriate forum for resolution of these issues is this Court.

With the close of discovery rapidly approaching, AE apparently has decided to begin a campaign of harassment, attacking parties and non-parties alike. While MKS will specifically address each of these matters below, the cumulative picture is remarkable as it reflects the use of harassing litigation tactics which this Court should not allow.

I.   Attorneys and Law Firms

AE has served upon eight attorneys subpoenas for deposition testimony and production of documents, solely because these attorneys (except for Steven Bauer) assisted attorney Joseph A. Capraro, Jr. in prosecution of the MKS patents at issue in this case. As to Mr. Bauer, AE has noticed his deposition simply to fish to see if he violated the protective order and assisted in the prosecution of the patent, despite his statements to the contrary. The only basis AE asserts for harassing any of these attorneys -- most of whom no longer work either for Testa Hurwitz or MKS -- is to fish for evidence to support the entirely unsupported allegations of inequitable conduct.

   A.   Lead Trial Counsel Steven Bauer

AE has subpoenaed MKS's lead trial counsel, Attorney Steven Bauer, in search of evidence on "inequitable conduct," and despite the fact that the protective order in this case, and the protective order in the prior litigation (MKS 1), precluded Mr. Bauer from prosecuting the patents involved in this litigation. AE has no evidence to even suggest that Mr. Bauer has violated the terms of these protective orders. This subpoena is thus a clear attempt to harass lead trial counsel in this case.

The notion that a party would depose lead trial counsel for its opponent to determine his compliance with a protective order, without even a hint of suspicion that the order has been violated, is preposterous, and if accepted would lead to a never-ending cycle of harassment. Should MKS reciprocally get to depose AE's trial counsel, to be sure that they have not disclosed confidential information to their client? Mr. Bauer has not violated the terms of these protective orders, and there is no basis to allow his deposition.

   B.   Attorneys and Law Firms Assisting in MKS Prosecution

MKS has agreed that Attorney Joseph A. Capraro, Jr., the partner in charge of the prosecutions relevant to this case, will be available for deposition concerning these prosecutions. MKS has advised AE that, while MKS does not intend to waive privilege during this deposition, he will be available for deposition as the lead prosecutor of these patents. Despite Mr. Capraro's availability, however, and before even taking his deposition, AE has subpoenaed the depositions of six other junior attorneys (Gerald Worth, Jamie Rose, Kurt Rauschenbach, Joseph Sullivan, James DeVellis, and Natasha Us), and Testa Partner Steven Frank, all of whom acted under the direct supervision of Mr. Capraro in their MKS patent prosecution efforts. There can be no showing that these depositions are necessary in light of Mr. Capraro's availability, or that the deponents should be subjected to the expense of attending and defending them. Where AE has failed to articulate <u>any</u> reason why any of these individuals might have any independent knowledge beyond what Mr. Capraro knows, the Court should not allow this "scorched earth" discovery tactic to harass MKS's current and former patent counsel.[3]

AE has also served subpoenas for depositions and documents on Testa, MKS's prior patent counsel, and Proskauer, MKS's current counsel. In fact, AE has served five subpoenas on Testa itself, three for document production and two for deposition testimony and document production. Clearly, there is no need for a deposition of, or documents from Testa, where Mr. Capraro is available for deposition on this topic, and MKS has produced the non-privileged documents.[4] As this Court is aware, Attorneys Bauer and Capraro recently left Testa to join Proskauer, and thus Proskauer would have no additional information beyond Mr. Capraro's knowledge about this topic.[5]

II.   <u>Eric Georgelis</u>

---

[3] Indicative of the abusive nature of AE's subpoena tactics is the fact that, after MKS initially filed this Motion for Protective Order to preclude the depositions of four attorneys who assisted in these prosecutions, AE proceeded to subpoena three additional attorneys on this topic. Although AE's counsel has expressed willingness to now drop two of the ever-increasing list of attorneys subpoenaed, it has not agreed to take only Mr. Capraro's deposition, which is all that is necessary under these circumstances.

[4] The two most recent subpoenas requiring Testa's appearance for deposition demand testimony not only on topics related to these prosecutions, but also topics concerning Testa's malpractice insurance policies and claims made under those policies. The inclusion of these topics highlights the harassing nature of AE's subpoenas.

[5] The subpoena on Proskauer asks for a list of documents produced to MKS labeled "highly confidential" which attorneys involved in the MKS prosecution efforts might have seen. Under the protective orders, attorneys continuing to engage in MKS

(continued...)

Eric Georgelis, the fourth of the four inventors listed on any of the patents at issue in this case, is currently being treated for cancer, and has been instructed by his doctor that the stress of a deposition would be harmful to his health.[6] Despite having taken the depositions of the three primary inventors of the patents at issue in this case <u>twice</u> (both in this case and in the prior litigation), and despite having not taken Mr. Georgelis's deposition in the first case without hindrance in its defense, and with full knowledge that he is in extremely poor health, AE has served a subpoena for his deposition.

AE served the subpoena after MKS agreed not to call Mr. Georgelis at trial, and despite being informed that MKS was willing to obtain answers to any specific questions that AE might believe only Mr. Georgelis could answer, by way of interrogatory or written request, rather than subjecting Mr. Georgelis to the stress of a deposition. (<u>See</u> Exhibit A February 25, 2004 Letter from Landau to Neugeboren.) Despite these attempts to accommodate AE's requests, AE has not articulated any reason to suspect that Mr. Georgelis's testimony is necessary in light of the extensive testimony it has already taken from the other inventors (both in the current and prior litigations). Forcing Mr. Georgelis to undergo deposition under these circumstances would subject him to unnecessary and undue burden.

III.   <u>Fowler, Radomski, and 30(b)(6)</u>

Finally, AE has noticed the depositions of third parties Donald Fowler and Aaron Radomski, both of whom work for subsidiaries of MKS. AE's only argument for wanting to depose these individuals is to learn how MKS's <u>subsidiaries</u> have used the term "impedance matching network" in reference to their own products, and to determine whether impedance matching networks sold by those subsidiaries before they were acquired by MKS might constitute relevant "prior art." It is important here to note that AE is not alleging the subsidiaries' impedance matching networks <u>are</u> relevant prior art -- it simply says it wants to determine if they might be prior art.

---

(... continued)
prosecution work are barred from seeing such documents, and AE has no reason to believe that these orders have been violated by any MKS prosecution attorney.
[6] If the Court requires verification of these facts, Mr. Georgelis will submit written verification from his physician.

4

Similarly, AE has requested a MKS 30(b)(6) deposition witness on this same topic (pertaining to the "structure function and operation" of the subsidiaries' products).[7] The fact is, the term "impedance matching network" has already been defined by this Court, and thus, the understanding of MKS employees of the meaning of this term is irrelevant to this litigation. As to probing on issues relating to validity, AE has agreed not to "challenge or contest, or assist another Person in challenging or contesting, the validity" of any of the patents at issue in this case. Thus, the depositions of Fowler and Radomski, or any 30(b)(6) witness on these topics, can not be relevant to any issue in this case.

For these reasons, MKS respectfully requests that this Court issue an order in the form attached hereto preventing AE from taking the depositions or subpoenaing documents from attorneys Steven Bauer, Gerald Worth, Jamie Rose, Kurt Rauschenbach, Joseph Sullivan, James DeVellis, Natasha Us, Steven Frank, Testa, Hurwitz & Thibeault, LLP, Proskauer Rose, LLP, or MKS or its subsidiaries' employees Eric Georgelis, Donald Fowler, Aaron Radomski, and MKS 30(b)(6) witnesses as discussed above.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681 (telephone)
(302) 571-1253 (facsimile)

*Attorneys for Plaintiffs MKS Instruments, Inc. and Applied Science and Technology, Inc.*

OF COUNSEL:
Steven M. Bauer, Esquire
Joseph A. Capraro, Jr., Esquire
PROSKAUER ROSE, LLP
One International Place, 14th Floor
Boston, MA 02110-2600

Dated: March 19, 2004

---

[7] The 30(b)(6) categories on this subject matter are currently the subject of an AE motion to compel filed after MKS's initial filing of this Motion.

Rule 26(c) Conference Certification

Plaintiffs' counsel hereby certifies that counsel for MKS have discussed these issues with counsel for AE in an effort to resolve the dispute set forth herein, but that the issues could not be resolved absent an appeal to this Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681 (telephone)
(302) 571-1253 (facsimile)

Steven M. Bauer, Esquire
Joseph A. Capraro, Jr., Esquire
PROSKAUER ROSE, LLP
One International Place, 14th Floor
Boston, MA 02110-2600

*Attorneys for Plaintiffs MKS Instruments, Inc. and Applied Science and Technology, Inc.*

Dated: March 19, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MKS INSTRUMENTS INC. and APPLIED., SCIENCE AND TECHNOLOGY, INC., <br> Plaintiffs, <br><br> v. <br><br> ADVANCED ENERGY INDUSTRIES, INC., <br><br> Defendant. | C.A. No. 03-469 (JJF) |

### ORDER ON MKS INSTRUMENT, INC.'S MOTION FOR PROTECTIVE ORDER

This _____ day of _____, 2004, the Court having heard MKS Instrument Inc.'s Motion for Protective Order and Advanced Energy's opposition thereto, MKS Instrument Inc.'s Motion is hereby GRANTED in its entirety.

_____
UNITED STATES DISTRICT COURT JUDGE

WP3:983903 1

57799 1002

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
NEWARK
BOCA RATON
WASHINGTON DC
PARIS

James K. Landau
Attorney at Law

Direct Dial 212-969-3448
jlandau@proskauer.com

February 25, 2004

**Via Facsimile**

Craig A. Neugeboren, Esq.
Cooley Godward LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023

Re: Eric Georgelis

Dear Craig:

This is to respond to your letter to Steve Bauer of yesterday. It would be greatly appreciated if you would copy me on all correspondence to Mr. Bauer going forward and vice versa.

As we discussed earlier this week, Mr. Georgelis has a severe medical condition. Due to privacy concerns, we would prefer not to get into the details, but it should suffice to say that if necessary, he can and will get a medical note advising against his participation in a deposition.

To confirm what we told you earlier, MKS will agree not to call Mr. Georgelis as a witness to testify at trial. In addition, we can confirm that other than signing necessary papers, Mr. Georgelis has had no involvement in the prosecution of the continuation/C-I-P patents in suit. If you have a specific question or questions that you believe only Mr. Georgelis can answer, you can either serve a Letter Rogatory or let us know in writing and we will endeavor to obtain answers to your questions.

MKS will not ask Mr. Georgelis to appear voluntarily at a deposition in this action. There is no need for you to proceed as you threaten – to notice his deposition without subpoena, and then to appear at the time and place unless a motion for protective order is filed.

PROSKAUER ROSE LLP

February 25, 2004
Page 2

    We recognize that many attorneys think of patent litigation as a well-financed game between two competitors. We hope that you agree that sometimes there are personal issues that supercede the quest for "zealous" advocacy. If you need a medical note, let us know and we will figure out with you what we can provide you within the legal limits of medical privacy issues.

                                                Very truly yours,

                                                James K. Landau

jkl:ne

cc: Steven Bauer, Esq.

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on March 19, 2004, I caused two copies of the foregoing document, MKS Instrument Inc.'s Motion for Protective Order (Supplemented), to be served on the following counsel of record, in the manner indicated below:

**BY HAND DELIVERY**

Thomas C. Grimm, Esquire
Sean P. Haney, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347

**BY FEDERAL EXPRESS**

James P. Brogan, Esquire
Craig A. Neugeboren, Esquire
Cooley Godward LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023

_____
Melanie K. Sharp (No. 2501)