IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MKS INSTRUMENTS INC. and APPLIED SCIENCE AND TECHNOLOGY, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>ADVANCED ENERGY INDUSTRIES, INC., )<br>)<br>Defendant. ) | *United States District Court*<br>*For The District of Delaware*<br>*C.A. No. 03-469 (JJF)*<br><br>C.A. No. 04-MC-10090 (NG) |

### TESTA, HURWITZ & THIBEAULT, LLP'S OPPOSITION TO ADVANCED ENERGY'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Third party Testa, Hurwitz & Thibeault, LLP ("TH&T") hereby opposes Advanced Energy Industries, Inc.'s ("Advanced Energy's") motion to compel attorney billing records responsive to Advanced Energy's subpoena duces tecum of February 2, 2004 to TH&T ("Subpoena"). The Subpoena was issued in connection with a patent infringement litigation pending in the U.S. District Court for the District of Delaware, captioned <u>MKS Instruments Inc. and Applied Science And Technology, Inc. v. Advanced Energy Industries, Inc.</u>, C.A. No. 03-469 (JJF) ("Delaware Action"). The Subpoena is one of six subpoenas that Advanced Energy has directed to TH&T, its attorneys and former attorneys.

MKS, through its new counsel the Proskauer Rose law firm, has directed TH&T, MKS's former counsel, not to produce to Advanced Energy any of the documents at issue because the documents are subject to the attorney-client privilege and work product protection. Moreover, Advanced Energy is aware that copies of all of the documents at issue have been in Proskauer Rose's possession for some time and that MKS, the holder of the privilege, has directed TH&T

not to produce documents. Under these circumstances, Advanced Energy's motion to compel TH&T to produce documents against the express instruction of TH&T's former client, MKS, is misguided and should be denied.

In the alternative, the Court should transfer this motion to the District of Delaware in the interest of judicial economy and to avoid the possibility of inconsistent results in the pending discovery disputes between MKS and Advanced Energy. In the Delaware Action, MKS has filed a motion for a protective order in which MKS seeks relief from Advanced Energy's abusive discovery tactics, including the rash of subpoenas that Advanced Energy has served on TH&T and its attorneys. Given the pendency of MKS's motion and the Delaware Court's familiarity with the parties, it makes sense for the Court to transfer this matter.

**I.     Background**

Until mid-February, TH&T represented MKS in the above-captioned patent infringement litigation and acted as MKS's patent counsel with respect to the prosecution of the patents in suit. In mid-February, MKS transferred responsibility for the Delaware Action and all patent prosecution matters to the Proskauer Rose law firm. Shortly thereafter, TH&T filed a notice of withdrawal in the Delaware Action.

Also in February 2004, Advanced Energy delivered to TH&T the Subpoena, which seeks, inter alia, all TH&T billing records related to the prosecution of the five patents in suit in the Delaware Action. (See February 2, 2004 Subpoena, attached hereto as Exhibit A.) These billing records, which contain eight years of substantive attorney work descriptions, are the subject of Advanced Energy's motion to compel.

On February 11, 2004, TH&T timely objected to the Subpoena based on the attorney-client privilege, the work product doctrine, the burdensome and harassing nature of the requests, and

2

several other grounds. (See February 11, 2004 letter from D. Kline to J. Brogan, attached hereto as Exhibit B.)

## II. MKS, Through its Counsel, the Proskauer Rose Firm, Directed TH&T Not To Produce the Documents at Issue, Because They Are Privileged.

At the outset, MKS's counsel at Proskauer Rose informed TH&T that MKS considers the documents identified in the Subpoena to be privileged. He further informed TH&T that MKS did not authorize TH&T to waive any privilege or produce documents before Proskauer Rose specifically reviewed the documents.

On March 1, 2004, at MKS's direction, TH&T sent to Proskauer Rose's New York office copies of the documents that TH&T had identified as potentially responsive to the Subpoena. On March 2, 2004, TH&T notified Advanced Energy's counsel that TH&T had forwarded all potentially responsive documents to Proskauer Rose and that these documents were available through MKS and Proskauer Rose. (See March 2, 2004 letter from D. Kline to W. Stacy, attached hereto as Exhibit C.) TH&T also offered to assist with the authentication of responsive documents, if necessary. (See id.)

On March 8, 2004, MKS's counsel at Proskauer Rose confirmed in writing that MKS objected to the production of documents by TH&T. (See March 8, 2004 letter from S. Bauer to K. Febeo, attached as Exhibit D; March 8, 2004 letter from D. Kline to S. Bauer, attached as Exhibit E.) In that letter, MKS's counsel also stated that Proskauer Rose would address this matter with Advanced Energy directly and that TH&T was not authorized to waive any privilege concerning the documents:

> Following up on our discussions, MKS does not authorize Testa, Hurwitz & Thibeault to waive any privilege with regard to the subpoena served on it by Advanced Energy.

3

> Please provide the subpoenaed documents to us so that we can review them for privilege, relevance and responsiveness. We will then produce the responsive, relevant, non-privileged documents directly, to reduce the cost to Testa of doing so.

(Ex. E.) Later on March 8, TH&T confirmed to Proskauer Rose that it had previously delivered the documents to Proskauer Rose's New York Office, and TH&T asked Proskauer Rose to identify the specific documents that MKS considered to be privileged. (Id.)

In a March 12, 2004 letter to Advanced Energy with a copy to Proskauer Rose, TH&T reiterated to Advanced Energy that Proskauer Rose on behalf of MKS had initially informed TH&T that the documents called for by the Subpoena were privileged or protected, that TH&T was not authorized to waive these privileges or protections, and that MKS had not modified its position. (See March 12, 2004 letter from D. Kline to W. Stacy, attached as Exhibit F.) TH&T explained:

> In view of Proskauer's instructions to us that MKS considers all documents called for by Advanced Energy's subpoena to be privileged, we cannot at this time produce any documents to Advanced Energy in response to the subpoena.

(Id.)[1]

TH&T has complied with the instructions of its former client, MKS, not to produce the documents at issue because MKS considers them to be privileged. MKS's claim of privilege is reasonable because courts have held that the type of detailed, substantive work descriptions provided by TH&T attorneys as part of their billing entries in connection with the prosecution of the patents in suit in the Delaware Action are protected by the attorney-client privilege and work product doctrine. See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 607 (D. Mass. 1992) (holding that "[t]o the extent that time records and statements reveal the nature of the services

---

[1] In an effort to reach a compromise with Advanced Energy on this issue, TH&T subsequently raised the possibility of producing the requested TH&T billing records with the attorney work descriptions redacted. Advanced Energy declined to accept this compromise.

4

provided…such documents are privileged"); see also Real v. Continental Group, Inc., 116 F.R.D. 211, 213–14 (N.D. Cal. 1986) (holding that detailed itemizations for all work performed on behalf of client would necessarily reveal the nature of the work performed and were thus privileged and protected from discovery). Moreover, in its motion to compel, Advanced Energy has failed to explain why any nonsubstantive information in the TH&T billing records, such as attorney hourly rates or amounts billed, is relevant to the issues in the Delaware Litigation.

MKS, a party to the underlying litigation and TH&T's former client, is in possession of all of the materials that Advanced Energy now seeks, and MKS has concluded that these materials are shielded by the attorney-client privilege and should not be produced. Advanced Energy can and should take this matter up directly with MKS and the Proskauer Rose firm.

### III.    Proskauer Rose Has Moved for a Protective Order in the District of Delaware.

On March 19, 2004, the Proskauer Rose firm filed a motion for a protective order in the Delaware Action seeking relief from Advanced Energy's abusive discovery tactics, including the subpoenas directed at TH&T and its attorneys.[2] (See MKS Instruments, Inc.'s Motion for Protective Order (Supplemented), attached as Exhibit G.) Given the pendency of MKS's motion for a protective order and the Delaware court's familiarity with the issues in this case, this Court should exercise its authority to transfer Advanced Energy's motion to the District of Delaware. TH&T will submit to the jurisdiction of the Delaware Court for purposes of this motion.

---

[2] In addition to the Subpoena that is the subject of this motion, Advanced Energy has delivered deposition subpoenas to TH&T, three lawyers at TH&T, three former TH&T attorneys, and three attorneys at Proskauer Rose. Advanced Energy also has served TH&T with a second document subpoena on March 16, 2004.

WHEREFORE, for the reasons set forth above, TH&T respectfully requests that this Court enter an order:

(1) Denying Advanced Energy's Motion to Compel the production of documents relating to its February 2, 2004 subpoena duces tecum; and

(2) Awarding TH&T its reasonable costs in opposing this motion.

In the alternative, TH&T respectfully requests that this Court transfer the instant motion to the District Court in Delaware.

Date: April 9, 2004

Respectfully submitted,
TESTA, HURWITZ & THIBEAULT, LLP

*/s/ Douglas J. Kline*

Douglas J. Kline (BBO# 556680)
Richard Myrus (BBO# 638793)
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Tel: 617-248-7000
Fax: 617-248-7100

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2004, copies of the foregoing were served upon the following parties in the manner indicated:

### BY FACSIMILE AND OVERNIGHT DELIVERY

Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnel
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
FAX: (302) 658-3989

Craig A. Neugeboren, Esq.
Cooley Godward LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
FAX: (720) 566-4099

### BY HAND

Steven M. Bauer, Esq.
Proskauer Rose LLP
One International Place, 14th Floor
Boston, MA 02110
FAX: (617) 526-9899

Timothy C. Blank, Esq.
Dechert LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
FAX: (617) 426-6567

*Jodi D. Luster*
Jodi D. Luster

3050726