IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MKS INSTRUMENTS INC. and APPLIED SCIENCE AND TECHNOLOGY, INC.,<br>Plaintiffs,<br><br>v.<br><br>ADVANCED ENERGY INDUSTRIES, INC.,<br><br>Defendant. | C.A. No. 04-mc-10090-NG |

**MKS INSTRUMENTS' OPPOSITION TO
ADVANCED ENERGY INDUSTRIES' MOTION FOR LEAVE TO FILE A REPLY
IN SUPPORT OF ITS MOTION TO COMPEL TESTA TO PRODUCE DOCUMENTS**

Advanced Energy Industries, Inc. ("AE") has unnecessarily and improperly filed a Motion for Leave to file a Reply brief in support of its Motion to Compel Testa, Hurwitz & Thibeault, LLP ("THT") to produce billing records. AE is filing its Motion for Reply as an attempt to circumvent the Scheduling Order in the underlying suit pending in the District of Delaware, which strictly prohibits such Replies, and the proposed Reply is irrelevant to any issue pending in the motion.

Reply briefs for discovery motions are strictly prohibited by the Rule 16 Scheduling Order governing the Delaware litigation. (See Ex. A, August 22, 2003 Scheduling Order.) <u>Knowing this</u>, AE moved for leave to file a Reply with this Court, after first seeking assent from MKS and THT for AE to ask this Court to transfer its motion to Delaware for resolution in the Court in which the underlying action is pending.[1]

Further, the arguments raised in AE's Reply are duplicative of those raised in its moving brief, and are irrelevant to this Court's resolution of the discovery dispute at hand.

---

[1] AE has not yet moved to transfer this dispute to Delaware, probably waiting for the court to allow the Reply to be filed as a way for AE to circumvent the Delaware Court's Scheduling Order.

AE first argues in its Reply the merits of its inequitable conduct defense, despite the fact that the validity of this defense will be decided at the appropriate time by the Delaware Court. This Court need not analyze this issue in order to resolve the pending discovery dispute.

AE then provides extensive briefing on whether AE was in fact offered redacted billing records, with the descriptions of the work performed redacted. Of course, this issue is irrelevant, because AE has indicated repeatedly that it would not accept such a partial disclosure to resolve this dispute. However, even AE's argument is false, because THT, per MKS's direction, <u>did</u> ask AE whether AE would accept the billing records with the work descriptions redacted in order to resolve this dispute prior to AE's filing of its Motion to Compel. AE refused to accept redacted records as satisfying THT's subpoena obligations. (See Ex. B, Declaration of THT Attorney Richard Myrus, Esq.)

AE's <u>only</u> argument that the billing records are even relevant is that they might reflect MKS's intentions to withhold information from the United States Patent and Trademark Office. This is truly a fishing expedition. There is no basis to even speculate that the raw billing records, without written description, could record this information. <u>MKS's</u> intentions could not be shown in any raw billing records, particularly if AE agrees that the written descriptions are in fact privileged and that all that should be produced are the client-matter number, names of attorneys billing time, or daily time spent.

Notably, AE does not <u>now</u> offer to accept such redacted records for this very reason.

Finally, AE complains in its Reply about the lack of a privilege log covering the billing records. It is undisputed that THT, on MKS's behalf, informed AE that MKS was asserting its privilege with respect to its billing records reflecting time spent by THT attorneys in prosecution of the MKS patents.

AE apparently is arguing that MKS was required to assert this privilege in the form of a "log," which would contain but one entry and make the same assertions of privilege MKS already made. Fed. R. Civ. P. 26(b)(5) requires that a party withholding documents based on privilege "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." THT met these obligations. The fact that

2

this information was not produced as part of a one-itemed document titled "Privilege Log" containing the identical information makes no difference.

For these reasons, this Court should deny AE's attempts to file an improper and unnecessary Reply brief in further support of its pending Motion to Compel.

PROSKAUER ROSE, LLP

/s/ Steven M. Bauer
Steven M. Bauer, Esquire (BBO# 542531)
One International Place – 14th Floor
Boston, MA 02110-2600
Tel. (617) 526-9600
Fax. (617) 526-9899
sbauer@proskauer.com

*Attorneys for Plaintiffs MKS Instruments, Inc. and Applied Science and Technology, Inc.*

Dated: May 6, 2004

3

6746/49548-002  BNLIB1/1130v1