IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MKS INSTRUMENTS INC. and APPLIED SCIENCE AND TECHNOLOGY, INC.,<br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ADVANCED ENERGY INDUSTRIES, INC.,<br><br>　　　　　　　　　　　　Defendant. | C.A. No. 04-mc-10090-NG |

## DECLARATION OF RICHARD MYRUS, ESQ.

I, Richard Myrus, hereby state and affirm the following:

1.　　I have personal knowledge of the facts stated herein.

2.　　I am an attorney employed by Testa, Hurwitz & Thibeault, LLP ("THT"), 125 High Street, Boston, Massachusetts 02110, former counsel to MKS Instruments Inc. and Applied Science and Technology, Inc. (collectively, "MKS").

3.　　On March 19, 2004, I had a conversation with Wayne O. Stacy, counsel for Advanced Energy Industries, Inc. ("AE"), concerning production of redacted THT billing records pursuant to a subpoena AE had served on THT. Prior to that conversation, I had obtained authorization from MKS, through its current counsel Proskauer Rose, LLP, to raise this issue. During my March 19, 2004 conversation with Mr. Stacy, I specifically asked him whether AE would accept the billing records sought by AE's subpoena, with the detailed descriptions of work performed completely redacted. In that conversation, Mr. Stacy made clear that AE would not accept redacted billing records as satisfying THT's obligations under the subpoena.

4.　　On March 19, 2004, I memorialized my conversation with Mr. Stacy in an email to Mr. Stacy, attached as Ex. 1 hereto. In that email, I stated my understanding "that AE is unwilling to accept TH&T billing records with the attorney work descriptions fully redacted." (See Ex. 1.)

5.　　On March 19, 2004, Mr. Stacy responded by email, asking whether THT was offering to produce billing records with the attorney work descriptions fully redacted. I responded that I would call Mr. Stacy to discuss the issue. (See Ex. 1.)

6.　　On March 19, 2004, I did call Mr. Stacy to revisit the possibility of a redacted production of the billing records and left him a voicemail message. In substance, I stated that, if AE would accept such a production, the parties likely could reach agreement and that he should contact Proskauer Rose LLP directly because Proskauer Rose LLP was handling this matter and had the records in its possession.

7.　　After I left that message for Mr. Stacy, Mr. Stacy never contacted me again to discuss this matter further.

2

8. I have read Mr. Stacy's recounting of our discussions concerning the redacted production of billing records, and I disagree with his recollection of these events.

Signed under the pains and penalties of perjury this 6th day of May, 2004.

*[signature]*

Richard Myrus, Esq.

2